UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNEST W. STEVENSON,

        Plaintiff,

v.                                                             Case No. 3:21-cv-368-MMH-MCR

JACKSONVILLE SHERIFF'S
OFFICE, et al.,

        Defendants.
_____

## **ORDER**

Plaintiff Ernest W. Stevenson, a pretrial detainee housed at the Duval County Jail (Jail), initiated this action on March 25, 2021, by filing a Complaint (Doc. 1-1) in the Fourth Judicial Circuit Court, in and for Duval County, Florida. See Doc. 1-2 at 1, Case No. 16-2021-CA-001726-XXXX-MA, Docket. On April 6, 2021, the Office of General Counsel, on behalf of the City of Jacksonville, removed the action to this Court because Stevenson alleges his federal constitutional rights were violated. See Notice of Removal (Doc. 1). Upon removal, the Court directed Stevenson to file an amended complaint, using the Court-approved form. See Order (Doc. 4). Stevenson filed an

Amended Complaint (AC; Doc. 5) on April 30, 2021. In the AC,[1] Stevenson names the Jacksonville Sheriff's Office (JSO) and Sheriff Mike Williams as Defendants. He asserts that the JSO, under Sheriff Williams' supervision, violated his rights under the First, Eighth, and Fourteenth Amendments.[2] He states that the JSO refuses to permit him "and others" to freely practice their religion at the John E. Goode Pretrial Detention Facility. AC at 5. As relief, he asks that the Court direct the JSO to "start allowing Hebrew Israelites to fully practice the Judaism religion freely without discrimination, i.e., praying at a certain time, the wearing of the yarmulke, and eating a Kosher diet." Id. He seeks $800,000 as monetary damages, and $50,000 for each month that the JSO denied him a Kosher meal.

Stevenson's AC is before the Court for the required screening under the Prison Litigation Reform Act (PLRA). The PLRA requires a district court to review a civil complaint filed by "any person incarcerated or detained" who

---

[1] For all documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

[2] "Pretrial detainees, who are not protected by the Eighth Amendment, can bring the same claims under the Fourteenth Amendment." Danley v. Allen, 540 F.3d 1298, 1306 (11th Cir. 2008), overruled in part on other grounds as recognized by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). As such, Eighth Amendment decisional law applies to cases involving pretrial detainees. Id. (quoting Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005)); see also Goodman v. Kimbrough, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013) ("[T]he standards under the Fourteenth Amendment are identical to those under the Eighth.").

seeks "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. The PLRA requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both

3

contexts.³ Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation" in § 1983 cases. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556 57 (11th Cir. 1984). As such,

---

³ "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

"'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cnty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the AC, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)); Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017).

To the extent Stevenson complains that other pretrial detainees suffered the same injustices that he experienced as a result of Defendants' actions, the general provision permitting parties to proceed pro se, see 28 U.S.C. § 1654,

5

provides "a personal right that does not extend to the representation of the interests of others." Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008); Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014). As such, Stevenson may represent his own interests. However, he may not represent the interests of other pretrial detainees. And, any claims purportedly brought on behalf of other detainees are due to be dismissed.

Stevenson asserts that the JSO violated his federal constitutional rights. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). In Florida, a sheriff's office or jail facility is not a legal entity subject to suit under § 1983. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of a civil rights action against the Monroe County Sheriff's Office); see also Monroe v. Charlotte Cnty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)). Because the JSO is not a legal entity amenable to suit, Stevenson fails to state a § 1983 claim upon which relief may be granted

against the JSO and, therefore, his claims against the JSO are due to be dismissed.

Stevenson also sues Sheriff Williams in his official capacity, asserting that Williams supervised the JSO. Where an officer is sued under § 1983 in his official capacity, the suit is actually a proceeding against the entity the officer represents. See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1115 (11th Cir. 2005); see also Hafer v. Melo, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)). Accordingly, Stevenson's claim against Williams in his official capacity as Sheriff of Duval County is actually a claim against Duval County. As such, the Court considers Williams' official capacity liability in the context of those cases discussing county and municipal liability under § 1983.

To the extent Stevenson seeks to hold Duval County, through Williams, vicariously liable for the actions or omissions of the employees responsible for Stevenson's injury, Stevenson has failed to state a claim upon which relief can be granted. The United States Supreme Court has soundly rejected the theory of respondeat superior as a basis for liability in § 1983 actions. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978). Instead, a county or municipality may be liable in a § 1983 action "only where the municipality

7

itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier, 402 F.3d at 1115 (citations omitted). Thus, a plaintiff must establish that an official policy or custom of the municipality was the "moving force" behind the alleged constitutional deprivation. See Monell, 436 U.S. at 693-94. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). The policy requirement is designed to "'distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 n.5 (11th Cir. 2003) (en banc) (quotation omitted). Indeed, municipal liability arises under § 1983 only where "'a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986)). A municipality will rarely have an officially-adopted policy that permits a particular constitutional violation, therefore, in order to state a cause of action for damages under § 1983, most plaintiffs must demonstrate that the municipality has a custom or practice of permitting the violation. See Grech, 335 F.3d at 1330; McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

The Eleventh Circuit has defined "custom" as "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." Sewell, 117 F.3d at 489.

In some circumstances, "the failure to provide proper training may fairly be said to represent a policy for which the city may be held liable if it actually causes injury." City of Canton, 489 U.S. at 390. Failure to train can lead to municipal liability "only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants [such that the failure to train] can be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 388-89 (alteration added). Thus, in order to assert such a claim, a plaintiff must "present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). The Eleventh Circuit has repeatedly held that "without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train or supervise." Id. at 1351. Indeed, "the need for such training must be plainly obvious to [County] decisionmakers," such as where there is "evidence of a history of widespread prior abuse." Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990) (alteration added); see also Rocker v. City

of Ocala, Fla., 355 F. App'x 312, 314 (11th Cir. 2009) (per curiam).[4] Here, Stevenson fails to allege the existence of any particular custom or policy in Duval County, much less one that caused the actions about which he complains. Accordingly, Stevenson has failed to state a claim upon which relief can be granted. As such, Williams is due to be dismissed from this action.

For the foregoing reasons, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

---

[4] The Court notes that the Supreme Court, in dictum, has left open the possibility that "a need to train could be 'so obvious,'" that a city could be held liable even without a pattern of prior constitutional violations. See Gold, 151 F.3d at 1352 (citing City of Canton, 489 U.S. at 390). The Supreme Court offered the example of the need to train officers in the use of deadly force where the officers are provided firearms. City of Canton, 489 U.S. at 390 n.10. Because an "obvious need" claim "must be based on a 'particular glaring omission in a training regimen' and not merely on 'possible imperfections' in a training program," the Court finds that the record here does not contain evidence to sustain a failure to train claim based on this theory. See West v. Tillman, 496 F.3d 1321, 1331 n.16 (11th Cir. 2007) (quoting Gold, 151 F.3d at 1352).

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of May, 2021.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-1 5/28
c: Ernest W. Stevenson